**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jerry McKnight, Sr., Appellant.

Appellate Case No. 2015-000559

———————————

Appeal From Calhoun County
Maité Murphy, Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-406
Submitted September 1, 2017 – Filed October 25, 2017

———————————

**AFFIRMED**

———————————

Howard Walton Anderson, III, of Law Office of Howard W. Anderson III, LLC, of Pendleton; and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody J. Brown, all of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Fuller*, 337 S.C. 236, 241, 523 S.E.2d 168, 170 (1999) ("A defendant's right to waive the assistance of counsel is not unlimited. The request to proceed *pro se* must be clearly asserted by the defendant prior to trial."); *State v. Thompson*, 355 S.C. 255, 262, 584 S.E.2d 131, 134 (Ct. App. 2003) ("Waiver is most commonly understood as an affirmative, verbal request."); *State v. Sims*, 304 S.C. 409, 415, 405 S.E.2d 377, 380–81 (1991) (finding the defendant had failed to clearly assert his right to appear pro se because he had given "no indication of a desire to proceed *pro se* prior to trial" and had merely requested to have his attorney dismissed); *State v. Mazique*, 419 S.C. 282, 295, 797 S.E.2d 730, 737 (Ct. App. 2016) (finding no error in the trial court's denial of the defendant's motion to dismiss because the request to proceed pro se must be clearly asserted and the defendant had merely stated he no longer wanted his attorney to represent him and had been "equivocal about whether he wanted to represent himself"); *Sims*, 304 S.C. at 415, 405 S.E.2d at 380 (noting the trial court was "entitled to take into account the countervailing state interest in proceeding on schedule" and substituting counsel ten days before the trial could have delayed the trial's start); *id.* at 415, 405 S.E.2d at 380–81 (finding the trial court properly denied the defendant's motion to dismiss trial counsel because the court adequately inquired into the defendant's complaint and the evidence was insufficient to justify substitution of counsel).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.